IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
LAREDO DIVISION

| | | |
|---|---|---|
| SALVADOR VAZQUEZ, *Plaintiff,* | § § § | |
| v. | § § | CIVIL ACTION NO. 5:15-cv-278 |
| NATIONWIDE PROPERTY AND CASUALTY INSURANCE COMPANY, *Defendant.* | § § § § | |

## NOTICE OF REMOVAL

Defendant Nationwide Property and Casualty Insurance Company ("Defendant"), through undersigned counsel and pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, files this Notice of Removal of the captioned action: Cause No. 2015CVF003465D1; *Salvador Vazquez v. Nationwide Property and Casualty Insurance Company*; In the 49th District Court of Webb County, Texas.

## I. BACKGROUND

1. Plaintiff Salvador Vazquez ("Plaintiff") initiated the present action by filing his Original Petition in Cause No. 2015CVF003465D1, in the 49th District Court of Webb County, Texas, on October 22, 2015 (the "State Court Action").[1]

2. Defendant filed its Original Answer to Plaintiff's Original Petition on November 9, 2015, asserting a general denial to the claims and allegations made in Plaintiff's Original Petition.[2]

---

[1] *See* Plaintiff's Original Petition, attached as **Exhibit A.**

[2] *See* Defendant's Original Answer, attached as **Exhibit B**.

1

## III.  DIVERSITY JURISDICTION

3. Pursuant to 28 U.S.C. § 1441(a), "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." The Court has original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs and is between citizens of different states.[3]

4. Plaintiff is domiciled in Webb County, Texas. Pursuant to 28 U.S.C. § 1332(a), therefore, Plaintiff is a citizen of the State of Texas.

5. Defendant Nationwide Property and Casualty Insurance Company is organized under the laws of Ohio and maintains its principal place of business in Columbus, Franklin County, Ohio.

6. Plaintiff's Original Petition generally alleges that wind and hail damaged both the exterior and interior of his home, that the damage is covered under a policy issued by Defendant, and that a claim made by Plaintiff on the policy was underpaid by Defendant. Plaintiff seeks compensation for actual damages, consequential damages, mental anguish damages, treble damages, exemplary damages, penalty interest of 18% per annum, prejudgment interest, attorney's fees, and costs.[4]

---

[3] 28 U.S.C. § 1332(a)(1).

[4] *See* **Exhibit A**.

7. All of Plaintiff's monetary claims, including the claims for penalties, exemplary damages, mental anguish damages, and attorney's fees, are included as part of the amount in controversy.[5]

8. Under 28 U.S.C. § 1446(c)(2), where removal is sought on the basis of diversity under 28 U.S.C. § 1332, "the sum demanded in good faith in the initial pleading shall be deemed to be the amount in controversy." The amount-in-controversy inquiry, however, "does not end merely because the plaintiff alleges damages below the threshold. The face of the plaintiff's pleading will not control if made in bad faith."[6] A pleading for damages below the jurisdictional amount in state court with the knowledge that the claim is actually worth more and that the plaintiff may be able to evade federal jurisdiction by virtue of the pleading is the definition of bad faith.[7]

9. In Texas, the law does not permit a plaintiff to plead for a specific amount, but rather the law requires a pleading to contain a statement that the damages sought are within the jurisdictional limits of the court and that the party seeks a pre-defined range of damages.[8] In this case, Plaintiff does not include the range required by Texas Rule of Civil Procedure 47. Instead, Plaintiff merely declared he is seeking monetary relief of no more than $74,500.[9] This specific demand cannot be deemed the amount in controversy because "[s]uch manipulation is surely

---

[5] *See H&D Tire and Automotive-Hardware, Inc. v. Pitney Bowes Inc.,* 227 F.3d 326, 330 (5th Cir. 2000); *see also St. Paul Reinsurance Co., Ltd. v. Greenberg,* 134 F.3d 1250, 1253 (5th Cir. 1998).

[6] *Santiago v. State Farm Lloyds,* 7:13-CV-83, 2013 WL 1880845 at *1 (S.D. Tex. May 3, 2013) (quoting *De Aguilar v. Boeing Co.,* 47 F.3d 1404, 1408 (5th Cir.1995)).

[7] *De Aguilar*, 74 F.3d at 1410.

[8] Tex. R. Civ. P. 47(b) - (c).

[9] *See* **Exhibit A,** ¶ 70.

characterized as bad faith."[10] As a functional matter, Plaintiff is attempting to avoid federal jurisdiction, and his pleaded sum should not control the court's analysis.[11]

10. In the event the initial pleading does not control, 28 U.S.C. § 1446(c)(2)(B) provides that removal is proper where a sufficient amount in controversy is supported by a preponderance of the evidence. The test is whether "it is more likely than not that the amount of the claim will exceed [the jurisdictional threshold]."[12] In determining the amount in controversy, the Court may consider "policy limits and potential attorney's fees, ... penalties, statutory damages, and punitive damages," when the insurer could be liable for those sums under state law.[13]

11. In determining the amount in controversy relative to coverage under an insurance policy, the Fifth Circuit defined the "object of the litigation" as the "value of the right to be protected."[14] The breach-of-contract claim implicates the limits of the policy, which forms the basis of the claim.[15] Plaintiff's policy in this case has a dwelling policy limit of $129,700.00, well above the jurisdictional threshold.[16]

12. Furthermore, Plaintiff submitted a demand letter to Defendant whereby he demanded $74,500 to settle the claim.[17] In his demand, Plaintiff sought $67,000 in actual

---

[10] *Garcia v. Kellogg USA, Inc.,* No. 7:13-CV-00347, 2013 WL 4735169, at *1 (S.D. Tex. Sept. 3, 2013) (citing *De Aguilar*, 47 F.3d at 1410)); *see also Villarreal v. State Farm Lloyds,* No. 7:15-CV-292, 2015 WL 5838876 (S.D. Tex. Oct. 7, 2015).

[11] *De Aguilar*, 47 F.3d at 1410.

[12] *St. Paul Reinsurance*, 134 F.3d at 1254, n.13.

[13] *Id.* at 1253.

[14] *Garcia v. Geovera Specialty Ins. Co.,* No. 7:13-CV-114, 2013 WL 1967799, at *2 (S.D. Tex. May 10, 2013) (citing *Hartford Ins. Group v. Lou-Con, Inc.,* 293 F.3d 908 (5th Cir. 2002) (declaratory action)).

[15] *Id.*

[16] *See* Excerpts from Plaintiff's Policy with Nationwide (the Certification and Declarations Pages), attached as **Exhibit C**.

[17] *See* Plaintiff's demand letter dated October 16, 2015, attached as **Exhibit D**.

damages and $7,500 in attorney's fees.[18] This demand did not include all damages for which Plaintiff is seeking recovery, as Plaintiff himself conceded in the letter: "In such lawsuit, rather than seeking only the monetary amount we are now asking for, we will seek to recover the full measure of damages, expenses and attorney's fees incurred, as allowed by law."[19] In Texas, an exemplary damages award can result in an increase of up to at least $200,000 for a plaintiff.[20] Thus, when the amount sought in the pre-suit demand is coupled with Plaintiff's claims for exemplary or punitive damages, the amount in controversy exceeds $75,000.[21]

13. Finally, when Defendant asked Plaintiff's counsel if he would be willing to enter into a binding stipulation whereby he agreed not to seek damages in excess of $75,000, Plaintiff's counsel refused to enter into such an agreement, stating, "I can stipulate to 75K for actuals, but if treble damages, attorney's fees, and expenses get thrown into the mix, I could see the total damage award going north of 75."[22] A plaintiff's failure to stipulate that the amount in controversy is less than $75,000 may be used as evidence of the amount in controversy for purposes of removal.[23]

14. This evidence – Plaintiff's policy limits, Plaintiff's pre-suit demand, and Plaintiff's refusal to enter into a binding stipulation regarding the amount in controversy – establishes beyond a preponderance of the evidence that the amount in controversy exceeds $75,000, exclusive of interest and costs.

---

[18] *Id.*

[19] *Id.*

[20] *See* Tex. Civ. Prac. & Rem. Code § 41.008(b).

[21] *See Villarreal v. State Farm Lloyds,* No. 7:15-CV-292, 2015 WL 5838876 (S.D. Tex. Oct. 7, 2015) (the court found that the insured's pre-suit demand in the amount of $33,673.12 coupled with a claim for punitive damages for alleged knowing and intentional conduct was sufficient to prove the amount in controversy exceeded $75,000).

[22] *See* Email Correspondence from Plaintiff's counsel dated November 10, 2015, attached as **Exhibit E**.

[23] *Santiago*, 2013 WL 1880845 at *4; *see also Johnson v. Dillard Dept. Stores, Inc.,* 836 F. Supp. 390, 394 (N.D. Tex. 1993).

15. Removal is proper pursuant to 28 U.S.C. § 1332 because there is complete diversity of citizenship between Plaintiff and Defendant, the amount in controversy exceeds $75,000, and Defendant is not a citizen of the state in which this case has been brought.

16. Pursuant to 28 U.S.C. § 1446(d), promptly after filing this Notice of Removal, Defendant will give written notice of the removal to Plaintiff through his attorney of record, as well as to the clerk of the 49th Judicial District Court of Webb County, Texas.

17. Pursuant to 28 U.S.C. § 1446(a) and Local Rule 81, all required process, pleadings, and orders in the State Court Action not otherwise specifically identified as separate exhibits have been requested and will be filed upon receipt.

Respectfully submitted,

*/s/ Patrick M. Kemp*
Patrick M. Kemp
Texas Bar No. 24043751
Southern District No. 38513
Segal McCambridge Singer & Mahoney
100 Congress Avenue, Suite 800
Austin, Texas 78701
(512) 476-7834
(512) 476-7832 – Facsimile
pkemp@smsm.com

**ATTORNEY-IN-CHARGE FOR DEFENDANT NATIONWIDE PROPERTY AND CASUALTY INSURANCE COMPANY**

OF COUNSEL:

Lauren L. Burgess
Texas Bar No. 24082751
Southern District No. 2110127
Segal McCambridge Singer & Mahoney
100 Congress Avenue, Suite 800
Austin, Texas 78701
(512) 476-7834
(512) 476-7832 – Facsimile
lburgess@smsm.com

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the foregoing has been served upon the following counsel of record via certified mail/return receipt requested on this 24th day of November, 2015:

| | |
|---|---|
| Bill L. Voss | *7196 9008 9111 1861 4563* |
| Scott G. Hunziker | |
| Zach Moseley | |
| The Voss Law Firm, P.C. | |
| 26619 Interstate 45 South | |
| The Woodlands, Texas 77380 | |

*/s/ Patrick M. Kemp*
Patrick M. Kemp